be made as a matter of law. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.

■ In the Matter of STATE FUNDING CORPORATION et al., Appellants, v PLANNING BOARD OF THE TOWN OF POUGHKEEPSIE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Poughkeepsie, dated August 1, 1986, which, *inter alia,* granted final site plan approval for a hotel and office park complex, the petitioners appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated June 29, 1987, as dismissed the petition for lack of standing, and (2) so much of an order of the same court, dated October 22, 1987, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated June 29, 1987 is dismissed, as that order was superseded by the order dated October 22, 1987; and it is further,

Ordered that the order dated October 22, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Because the petitioners Weiss and State Funding Corporation, who are the respective owners of two motels within two miles of the proposed hotel complex and an adjacent apartment building, have failed to substantiate any allegation of aggrievement beyond the threat of increased business competition, they lack standing to bring this proceeding challenging the respondents' approval of the final site plan. It is well settled that mere competitive injury is not an interest protected by the zoning laws *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; 4 Anderson, American Law of Zoning § 27.17 [3d ed]). Accordingly, dismissal of the petition was warranted on the ground that the petitioners lacked standing to maintain this proceeding. Mollen, P. J., Mangano, Rubin and Kooper, JJ., concur.